UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUTHER G. JAMISON,

        Petitioner,

vs.

ROBERT AYERS, Warden,

        Respondents.

        District Court No. C 07-1782 PJH
        Court of Appeals No. 08-17096

        **ORDER DENYING CERTIFICATE OF APPEALABILITY**

        This is a parole habeas case. The court granted respondent's motion to dismiss on statute of limitations grounds and petitioner appealed. The Ninth Circuit now has remanded the case to this court to consider whether a certificate of appealability should issue. *See Hayward v Marshall*, No. 06- 55392, 2010 WL 1664977, at *5 (9th Cir. Apr. 22, 2010) (en banc) (overruling those portions of *White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004), and *Rosas v. Nielsen*, 428 F.3d 1229, 1231-32 (9th Cir. 2005) (per curiam), that relieved a prisoner from obtaining a certificate of appealability to review the denial of a habeas petition challenging an administrative decision denying parole).

        The certificate of appealability requirement applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

For the reasons set out in the court's order granting the motion to dismiss, reasonable jurists would not find the court's ruling debatable or wrong.  The request for a certificate of appealability is **DENIED**.

The clerk shall promptly transmit a copy of this order to the court of appeals.

**IT IS SO ORDERED.**

Dated:  June 9, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.07\jamison1782.deny coa.wpd